IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JEFFEREY MEDKEFF, | § | |
| | § | No. 181, 2017 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1608005993 (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 23, 2017
Decided: January 9, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

**O R D E R**

This 9th day of January 2018, upon consideration of the appellant's brief filed under Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response, it appears to the Court that:

(1) The appellant, Jefferey Medkeff, was indicted in September 2016 for two counts of Aggravated Menacing, two counts of Possession of a Weapon During the Commission of a Felony ("PWDCF"), and one count of Endangering the Welfare of a Child. The charges arose from an incidence of domestic violence that was witnessed by Medkeff's minor son when Medkeff threatened his ex-wife and adult son with a baseball bat.

(2)     In February 2017, Medkeff pleaded guilty to one count of Aggravated Menacing and Endangering the Welfare of a Child, and in exchange the State agreed to enter a *nolle prosequi* on the other charges in the indictment.  During the guilty plea colloquy, Medkeff apologized for the bat-wielding incident and acknowledged that he had a history of substance abuse and mental illness. Through his defense counsel, Medkeff requested, and the State agreed, to defer his sentencing to give Defense Counsel time to identify available treatment options to assist the court "in crafting the appropriate treatment and sentence for Mr. Medkeff."[1]  The Superior Court granted the request and deferred Medkeff's sentencing until April 11, 2017.

(3)     Medkeff was evaluated by a psycho-forensic examiner.  The examiner issued a written report recommending a community residential treatment program to address and manage Medkeff's comorbid psychiatric and substance abuse issues.  At sentencing on April 11, 2017, Defense Counsel asked the Superior Court to sentence Medkeff directly to the treatment program recommended by the psycho-forensic examiner.  The State opposed a sentence providing for Medkeff's direct admission to the treatment program and argued that Medkeff's criminal history and eligibility to be declared a habitual offender warranted a sentence requiring Level V incarceration and completion of a Level V drug program.  After considering the

---

[1] Hr'g Tr. at 4 (Feb. 13, 2017).

positions of both counsel, a written victim impact statement submitted by Medkeff's ex-wife, and remarks made by Medkeff, the Superior Court sentenced Medkeff to a total of six years of Level V incarceration (five years for Aggravated Menacing and one year for Endangering the Welfare of a Child) suspended after three years and successful completion of the Level V Key Program for probation. This is Medkeff's direct appeal.

(4) On appeal, Medkeff's appellate counsel has filed a no-merit brief and a motion to withdraw under Supreme Court Rule 26(c). Appellate Counsel asserts that based upon a complete and careful examination of the record there are no arguably appealable issues. Appellate Counsel provided Medkeff with a copy of the brief and appendix in draft form, the motion to withdraw, and a letter explaining that Medkeff had a right to supplement the brief before it was filed with the Court. Medkeff has supplemented the brief with written points for the Court's consideration. The State has responded to the position taken by Appellate Counsel, the points raised by Medkeff, and has moved to affirm the Superior Court's judgment.

(5) When reviewing a Rule 26(c) brief and motion to withdraw, our standard and scope of review is twofold. The Court must be satisfied that the appellant's counsel has made a conscientious examination of the record and the law

for claims that could arguably support the appeal.[2] Also, the Court must conduct its own review of the record to determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[3]

(6) On appeal, Medkeff has raised two issues for the Court's consideration. First, he contends that his plea agreement was "unfulfilled" because the agreement he signed "didn't involve jail time, it was supposed to be inpatient rehabilitation." Construing Medkeff's claim as an argument that his guilty plea was not knowing, intelligent, and voluntary, the Court finds that the record belies the claim. During the guilty plea colloquy, Medkeff confirmed that he had reviewed the Truth-In-Sentencing Guilty Plea form with Defense Counsel and understood that he faced a maximum of six years of incarceration. Medkeff denied that anyone had promised him what his sentence would be, and he indicated that he understood that the Superior Court would ultimately decide his sentence. Absent clear and convincing evidence to the contrary, Medkeff is bound by his representations.[4]

(7) Second, Medkeff alleges that his sentence is excessive because it exceeded sentencing guidelines established by the Sentence Accountability

---

[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[3] *Penson v. Ohio*, 488 U.S. at 81–82.
[4] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

Commission (SENTAC). The claim is without merit. "Appellate review of a sentence generally ends upon determination that the sentence is within the statutory limits prescribed by the legislature."[5] A defendant "has no legal or constitutional right to appeal a statutorily authorized sentence simply because it does not conform" to SENTAC guidelines.[6] In this case, Medkeff's five-year sentence for Aggravated Menacing and one-year sentence for Endangering the Welfare of a Child did not exceed statutory limits.[7] When imposing sentence, the Superior Court noted Medkeff's "need for corrective treatment," and that he is "not amenable to community supervision," as aggravating factors justifying an upward departure from the SENTAC guidelines.[8]

(8) Having conducted "a full examination of all the proceedings" and found "no nonfrivolous issue for appeal,"[9] the Court concludes that the appeal is "wholly without merit."[10] The Court is satisfied that Appellate Counsel made a conscientious

---

[5] *Mayes v. State*, 604 A.2d 839, 845 (Del. 1992).
[6] *Id.*
[7] Under 11 *Del. C.* §§ 602(b) and 4205(b)(5), Aggravated Menacing is a class E felony with a maximum statutory penalty of five years of Level V incarceration; under 11 *Del. C.* §§ 1102 (a)(4), (b)(4) and 4206(a), Endangering the Welfare of a Child is a class A misdemeanor with a maximum statutory penalty of one year of Level V incarceration.
[8] Sentencing Tr. at 23 (April 11, 2017). *See* 11 *Del. C.* 4204(n) ("Whenever a court imposes a sentence inconsistent with the presumptive sentences adopted by the Sentencing Accountability Commission, such could shall set forth on the record its reasons for imposing such penalty.").
[9] *Penson v. Ohio*, 488 U.S. at 80.
[10] Del. Supr. Ct. R. 26(c).

effort to examine the record and the law and properly determined that Medkeff could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice